Your Honor's court case in the morning, Fall 2009-6-08 David Demma v. Jeffrey Sullivan and Sullivan, U.S. County F.G. and C.E.P. On behalf of the appellant, Mr. Matthew Vasconcellos On behalf of the appellant, Mr. Richard Carr Mr. Vasconcellos Good morning Good morning May I please the court There's a very simple agreement at the heart of this case We've spelled out that agreement A very simple agreement? It is, Your Honor Simple in what regard? I mean, there are more than one definition of simple Simple in the sense, Your Honor, that If I could just condense it down to the core elements of the agreement You have two individuals The agreement is essentially Mr. Demma agrees to run this dealership, run the day-to-day operations In exchange, he gets the opportunity to buy into the dealership, a 5% stake for $175,000 And if he runs the dealership for three years, he's gifted another 5% That is the essence of the agreement Does he have to pay another $175,000? I thought maybe that was gratuitous He does not have to pay another $175,000, Your Honor And all of these terms are written down and those are reproduced on page A22 of our brief And what the agreement says is If you leave before three years, you only get your initial 5% If you stay for three years, you get an additional 5% for a total of 10% To my mind, it's not a complicated agreement to understand I understand there's some room for debate as to the legal effect of that agreement Whether that creates a partnership, whether that is just a garden variety contract But that really is the essence of it The only point that I would stress Who owned the property? Prior to the purchase of the dealership? No When he entered into the contract, who owned the property? Mr. Sullivan or the Sullivan Trust? Neither, Your Honor So it was purchased by the Sullivan Trust after the agreement was entered into? That's correct Did your client ever sign an agreement with the trust? No, his agreement was with Mr. Sullivan Okay Did Mr. Sullivan sign as trustee? Well, Your Honor, there was no signature on this This was a contract, an oral contract Though there was a writing, the terms of the contract were written down These two had been doing business for some years, they had been friends This was a 20-year business relationship  Did you allege in your complaint that Mr. Sullivan as trustee entered into this agreement? Or did you allege that Mr. Sullivan as Mr. Sullivan entered into the agreement? We allege that Mr. Sullivan individually, I believe, Your Honor But Mr. Sullivan is the trustee I understand that point And this issue was not raised in the lower court, whether Mr. Sullivan was acting as trustee or acting individually I think everyone agreed that this agreement was made between Mr. Sullivan and Mr. Dema And the point I would like to stress is that the crucial element of Mr. Dema's contribution was not the $175,000 Mr. Sullivan had the $175,000 He's a wealthy man who put up $3.5 million to buy this dealership What Mr. Dema contributed was his knowledge of the business, his expertise, his labor And that's really what Mr. Sullivan got out of this deal This is what was most important to him Evidenced by the fact, one, that when Mr. Dema offered to pay the money, you know, it was shrugged off It was, you know, don't worry about the $175,000, we're partners in this Don't worry about that And also evidenced by the fact that just running the dealership for three years entitled Mr. Dema to an additional 5% It shows just how important his contribution was in terms of labor and in terms of his knowledge of the business and his expertise That in addition to getting a salary, in addition to getting a percentage of the profits of the dealership Just by running the business he was entitled to an additional 5% He was supposed to get, what, 10 or 20% of the profits? 10%  He got 10% of the stated profits Everything reproduced on A22 of our appendix, other than the 5%, was followed He got the 10%, he got the salary of $12,000 a year, sorry, $12,000 per month And the 10% of the store profits But then didn't he allege that the stated profits were false profits? Like some biblical character He did, Your Honor, and that's really an element of damages There were allegations that Mr. Sullivan took certain actions to reduce the profits shown on the books and therefore paid Mr. Dema less But that's really not at the heart of this dispute It's an element of damages more than anything else What statute of limitations applies? The oral or the written statute of limitations? Well, first off, let me clarify that we're talking about two separate contracts and two separate agreements What I'll call the main agreement has to do with the Sullivan-Buick-Coniac GMC That statute of limitations would be five years, I suppose And I don't think there's any issue with that This was certainly within five years, but obviously within ten I don't think the statute of limitations on this agreement is really an issue There is a statute of limitations question on the prior agreement What I'll call the Deer Park Partnership And what do you think applies there? The five or the ten year? I would argue the ten year, Your Honor, because there was a written agreement We don't have the written agreement Obviously, during discovery, we'll be able to get that It's in the possession of Mr. Sullivan It hasn't been produced to us But there was a written agreement So, in that sense, I would argue that the ten year statute would apply So, Your Honor, when I began, I said it's a simple agreement Your complaint alleges a breach of the partnership agreement And then it also alleges a breach of contract, does it not? That's correct, Judge, and the reason for that, and those applied in the alternative Which we made clear to the lower court As I said before, there's some room for debate about the effect of this agreement The fact of the agreement isn't really at issue here But the effect may or may not be It either created a partnership or it was just a simple contract If there was a breach of contract, would you be entitled to an accounting? Or are you only entitled to an accounting because of your allegations relating to the partnership breach? I think in either case would be entitled to an accounting Because the breach of contract, it still makes Mr. Demo an owner of the business And as an owner, I think he would still be entitled to an accounting Well, is he an owner or is he a shareholder slash owner? Under the terms of the agreement, he would be a shareholder slash owner Mr. Sullivan was obligated to remit 5% of the shares to Mr. Demo He didn't do that, and that's really what's at issue here Well, when you say an accounting, just exactly what do you mean then? Are you talking about looking through the books? And if you're talking about looking through accounting books, whose books are you talking about? Well, we're talking about the The trust books or the corporate books? The corporate books The property was sold, was it? The property was sold We believe for around $11 million What we allege is that that's what Mr. Sullivan told Mr. Demo he sold it for We don't have evidence of that at this point, obviously We're still at the pleading stage But this business was purchased for $3.5 million Sold three years later for $11 million Just to give you a sense of what Mr. Demo's contribution to this endeavor was Let me ask one question Your position is that at the time the oral written contract was entered into That Mr. Sullivan was the 100% shareholder and owner of the business That's not quite correct, Judge The business had not been purchased at that point This was an existing dealership At the time the contract was entered into It was contemplated that the dealership would be purchased So neither was an owner at that point And when it was purchased, was it then footed 100% in Mr. Sullivan's name? That's correct And how much longer or later was it that it was placed into a trust? Mr. Axel I don't know the answer to that question, Your Honor As I said, this issue was never raised in the trial court Mr. Sullivan never really raised the ownership issue in terms of Mr. Sullivan's liability So I don't know the answer to that question Was there a false premise or a break in logic or theologic That you believe caused the trial court to come to the erroneous conclusion that you allege it to? To be honest, Your Honor, I don't know why the trial court made the decision that it did And the trial court did not offer a very thorough explanation of that Despite our efforts Frankly, it was surprising to me And I'm still confused as to this day exactly what the trial court's reasoning was It seems to me that looking at the facts as alleged It's fairly clear that there was some basis for recovery here Either under a partnership theory or under a contract theory And the court just dismissed the entire claim without really specifying why it was dismissing each of the counts Or really giving good reasons for doing so So we're a little bit in the dark as to the trial court's reasoning I think just looking at the complaint and conducting a de novo review is sufficient to give this court a basis to overturn the trial court's dismissal If there are no questions at this time, I would reserve the remainder of my time Good morning, Your Honor  May it please the court The best I can say in terms of whether anything in this complaint was clear Was there was a discussion in the complaint about a negotiation And there is whatever clarity is in this complaint is in the negotiation phases of these parties possibly entering into some sort of partnership What the rest of the complaint is where there isn't any clarity Two parties can negotiate going into business together But at some point the law requires a meeting of the minds And as a logical subpart of requiring a meeting of the minds That the business actually come into being and be a business You can say we're going to be 10% partners in something Have all the clarity in the world I'm going to get this, you're going to get that But at some point there has to be a meeting of the minds that you're actually going to do it And you have to do it In a completely disjointed way, the complaint talks about a negotiation for the forming of a partnership With some terms included in that negotiation But the complaint never gets to the parties having a meeting of the minds to do it Or any facts showing that it got done You're saying that this thing went on for over 3 years and there was never a meeting of the minds? On a partnership, never And it's on the face of the complaint What about on the basis of a contract? There's different concepts here being dangled A plaintiff could have an entitlement to relief And clearly a plaintiff could have an entitlement to relief because there's an employment agreement Because there's a partnership agreement Because there's a shareholder agreement All those things as legal theories or possibilities The only factual predicate in the complaint was a negotiation of a partnership Yes, in a separately pleaded set of facts A plaintiff could also, alternatively or otherwise Plead separately or alternatively We had a contract for me to get 10% Here's what I'm supposed to do for that Here's who I entered into the contract with Here's the circumstances under that I'm not denying that there's in play multiple potential theories Under the umbrella of the type of claim that the plaintiff's trying to make But the only factual predicate in the complaint is we negotiated a partnership That partnership never happened And the complaint shifts suddenly Somewhere in the middle of it to After we negotiated terms of a partnership A corporation started Plaintiff began to work for that corporation Got paid by that corporation Plaintiff doesn't allege any factual predicate of any contract with that corporation Still to this day barely acknowledges that corporation Again, I'm probably repeating myself I could envision an employment agreement contract he could be pleading Or some other contract he could be pleading But that's not the contract that's in play Count 2, for example The first material paragraph of Count 2 After incorporating the 27 paragraphs from the prior count States the agreement entered into between Mr. Sullivan and Mr. Dema Is a binding enforceable contract against Sullivan The agreement is the 27 paragraphs that is the partnership agreement Well, the partnership agreement is not Between Mr. Sullivan and Mr. Dema Is not a binding contract on Sullivan, Inc. There's no facts alleged how Sullivan, Inc. is tied to the partnership agreement negotiations Now, the distinction I'm trying to make is Sure, separately there could have been some factual predicate Establishing that there was also a contract between Mr. Dema and Sullivan, Inc. Or Mr. Dema and Sullivan as agent of the corporation But if you look in this complaint you won't see any of those allegations The only factual allegations in the complaint are Factual allegations relating to a negotiation of a partnership And otherwise we're just getting a lot of potential legal theories Being dangled as possibilities I can't debate that they are possibilities But there isn't any factual predicate for them And with regard to one of Your Honor's questions About what the circuit court was thinking Not for me to say what was in the circuit court judge's mind But I want to point out there were four complaints here I think the plaintiff was given the benefit of the doubt that You know, you're alleging a breach of contract You're alleging a partnership You're alleging a corporation It's not really making any sense the way that it's presented But I'm, you know, it sounds like you have something here I'm going to give you multiple chances And we discussed it in our brief And I don't know how much you had a chance to review it But the four amended complaints have markedly inconsistent allegations At times the interest was 5% At times it was 10% In the first complaint the corporation was never mentioned at all In the second complaint it was mentioned Then it got dropped again In the third complaint then it got raised again in the fourth complaint But the circuit court judge bent over backwards Rightly something where the facts are tied to the theory And, you know, you'll state a cause of action Because you're generally describing something the courts recognize as theories Can't argue with that That never happened Instead we got a scatter shot Four different versions of a set of facts that never made any sense The last of which was the parties negotiated a partnership That the plaintiff never invested any money in And never went into business in any way, shape or form And then rising out of the ashes from nowhere Was instead a corporation Owned 100% by the Jeffrey Sullivan Trust A matter on top of everything else Raised in my 2619 motion In which the plaintiff didn't even bother to file an affidavit Saying that the partnership owned the corporation Which appears to now be the plaintiff's theory The plaintiff had minimal obligation to file a one line affidavit Saying it's not true that Jeffrey Sullivan Trust owns the corporation Through some beneficial way I don't know what the plaintiff's argument was Or could be But the plaintiff had a minimum obligation to say For whatever reason it's not correct In a beneficial way, in a legal way, or whatever way That Jeffrey Sullivan Trust doesn't own 100% shares of the stock And the plaintiff didn't do that If for no other reason the case was over when that happened Including the fraud cop? Well the fraud cop is premised on I was promised an interest in a partnership But there was never any meaning in the minds of the partnership Well going forward If the client presents this affidavit Indicating that he allegedly doesn't have the authority To enter into this contract Because the property belongs to the trust That would seem to me that it would give it some indicia of a signer That your client Who was not representing himself as the trustee But representing himself in his individual capacity Knew going in that This was a bogus agreement Because there never could be a meeting of the minds Because the meeting of the minds that was necessary under the circumstances Would have been between the trustee of the trust And Mr. Demme And if he's not making negotiations on behalf of the trust Then he's making either misrepresentations Or fraudulent misrepresentations Relative to what he's going to be entered into Because he obviously filed an affidavit Indicating that he could never He was disabled He was incompetent to enter into these contracts Your Honor I might have to agree with you If I did file such an affidavit Or made such an argument But I did not There was no claim being made by myself In any way shape or form about authority Our claim was The complaint describes a partnership First and foremost It never I thought the affidavit I'm referring to Was executed by your client Saying that the property was owned by the trust Not by him If your client knew that Then why was he supposedly telling the plaintiff That he could, quote unquote Come to a meeting of the minds Even though it never happened Relative to a partnership Well I don't know that the complaint is worried In terms of my plaintiff's It's kind of like a man promising a woman He's going to marry her When he knows that his divorce Hasn't become final yet I agree Although you're stretching to an allegation That is mentioned in the complaint Which is somewhere in the complaint It says my client promised He had the ability To enter into this agreement With Mr. Demme And didn't That's not what we're saying occurred What we're saying occurred is The parties had negotiations To form a partnership And it didn't happen The Demme was supposed to put in $175,000 It didn't happen There are other reasons Not in the complaint Why it didn't happen But It's not We We said Oh well We changed our mind Or We promised it And we backed off of it All we're saying here Is the complaint describes The negotiation Related to a partnership And that partnership was never formed Then out of nowhere Without any explanation A corporation comes into being And the plaintiff for three years Becomes employed by the corporation Although one can say As a matter of logic What happened to the promise That he was going to be A partner What happened to his expectation That he was going to be a partner During the three years That a completely different entity Went forward And operated in business But It's the plaintiff's complaint And I can't directly contradict the complaint The complaint is silent About the ownership of the corporation And my affidavit was filed To clarify the ownership Of the corporation My affidavit certainly wasn't to say My client couldn't Enter into a partnership with DEMA If they came to a meeting of the minds And did enter into that partnership Or that he could pull that partnership away Because his ownership was actually in the trust In fact You asked counsel a question about Did I'm sorry Your honor Judge Baumann asked a question about You know What happened first With Sullivan Owning the stock Or the trust Owning the stock I didn't know the answer Because I did the transaction But in fairness I I Neither I nor counsel Can answer that question Because it's not covered in the complaint And It's It's It's part of the reason Why the complaint Never made any sense It just didn't add up That there's this Negotiation For a partnership The partnership Doesn't happen And then A corporation That the partnership Has nothing to do with That plaintiff agrees For three years To be employed by Pulls up out of nowhere And then After that That corporation Is sold Three years later Plaintiff decides Because he had a negotiation Over a partnership That he's an owner In that corporation You said the corporation Was sold Did you mean The real estate That was in the trust Was sold Or You mean The real estate And the corporation Was sold Plaintiff's confused The The real estate Had nothing to do And plaintiff's complaint Doesn't actually make Any claims on the real estate They were separate But the The stock of the corporation Was owned by a trust And the complaint Doesn't even talk about The real estate But I happen to know The real estate Was separately owned Real estate was what Pardon me You said the real estate Was privately owned Was separately owned Separately owned When you say separately Do you mean In a Separate conveyance In a In a separate trust A separate legal entity Not the same trust That owned the stock But In reality The complaint Counsel I think Spoke loosely When he talked about The property Even the complaint itself Is only talking about The corporation But In reality Which I happen to know Because I was involved Real estate And the corporation Were sold At the same time But they were owned By separate entities And The issue In terms of the complaint Was the stock Of the corporation Was owned By a trust My question is Did the court Use Partly use Section 6215 For purposes Of ensuring If so What counts What Was Billed upon Relative to 2615 And then Did he use Also use 2619 And if so What counts Did he use With respect to Deciding 2619 2615 Was applied to All the counts And was granted On all the counts 2619 Was applied To counts 1 Count 1 And the last Count The Deer Park Partnership Which I think Was 7 First and last Was 2619 You agree You don't get The 2619 Unless you take The complaint Statement Says Stating the Cause of action And stating The true cause Of action With respect To that selection Absolutely So the Court gets Sort of An inconsistent Position With respect To at least The 2619 Rule Because they Had to Recognize Part of the Complaint To make A 2619 Rule The 2619 It's part Of the Dialogue I was Trying to Enter into With Justice McLaren That the Affidavit In the 2619 Was About who Owns the Corporation There are Allegations About who Owns the Partnership There are No allegations About who Owns the Corporation So the 2619 Raised an Issue Not Contradicted By the Complaint And not Discussed In the Complaint And clarified That the 2619  An  Not Contradicted      That Large But If They Did Not Discuss It There Are No Allegations Of Contradiction At all If They Did Not